57 CCPA

**REXALL DRUG AND CHEMICAL COMPANY d.b.a. Fiberfil Company, Appellant,**

v.

**ROHM & HAAS COMPANY, Appellee.**

**Patent Appeal No. 8333.**

United States Court of Customs and Patent Appeals.

June 11, 1970.

Donald Diamond, Los Angeles, Cal., attorney of record, for appellant.

Bereton Sturtevant, Wilmington, Del., Howard I. Forman, Philadelphia, Pa. (Rohm & Haas Co.), attorneys of record, for appellee; Werner H. Hutz, Wilmington, Del., of counsel.

Before RICH, Acting Chief Judge, and ALMOND, BALDWIN and LANE, Associate Judges.

LANE, Judge.

Rexall appeals from the decision of the Trademark Trial and Appeal Board [1] sustaining appellee's opposition to the registration of PROGLAS for plastics, specifically for synthetic injection molding materials in pellet or granular form.[2] First use in 1964 is alleged. We affirm.

Appellee predicated its opposition on likelihood of confusion arising from similarity to its registered trademarks OROGLAS,[3] for synthetic resinous materials in the form of sheets, rods, or molding compounds, and PLEXIGLAS,[4] for various synthetic resinous materials. The board found that PROGLAS and PLEXIGLAS are readily distinguishable and not likely to cause confusion from their contemporaneous use. Comparing PRO-

1. Summarized at 155 USPQ 766 (1967).

2. Application Serial No. 195,083, filed June 8, 1964, by appellant's assignor, Fiberfil, Inc.

3. Reg. 501,227, July 27, 1948.

4. Regs. 338,539, Sept. 8, 1936; 367,998, June 6, 1939; 406,199, Mar. 14, 1944; 623,869, Mar. 27, 1956.

GLAS and OROGLAS, the board reached the opposite conclusion.

The board noted that appellee has used OROGLAS at least since 1947 and that appellee's products have been advertised under its marks in trade journals and techical bulletins which are directed primarily to the aircraft, architectural, building and construction, glazing, lighting, sign and plastic sheet molding and fabrication industries. Sales of OROGLAS molding powder exceeded, at the time of the board's opinion, $100,000 per year. The board then noted that appellant also advertised in trade publications and technical bulletins and that this advertising was directed to the plastic molding industry, industrial design engineers, and to manufacturers whose products contain or might contain, plastic moldings. Appellant's sales efforts involve direct customer contact. Its sales of PROGLAS approximated $10,000 per year. Appellant's record included nine third-party registrations of marks which include the suffix -GLAS for synthetic resinous and/or plastic materials. The board concluded that on these facts PROGLAS was so similar to OROGLAS that confusion was likely. The board stated:

> Aside from the fact that these marks only differ as to their initial letter and thereby create similar impressions, there is the additional element that due to variations and interpretations of handwriting, a mistake could readily occur.

Appellant urges error in the board's decision, contending that PROGLAS and OROGLAS are unlikely to cause confusion, since they are applied to specifically different goods with different end applications. We do not think that the description "plastic, specifically synthetic injection molding materials in pellet or granular form" is so different from "synthetic resinous materials in the form of * * * molding compounds" as to eliminate likelihood of confusion. While we agree with appellant that the suffix -GLAS cannot be relied upon to distinguish the goods of any particular source, we do not agree that the public would look only to the prefixes PRO- and ORO- in dealing with the goods of the parties.

Appellant further urges that there would be no likelihood of confusion because the products are promoted and sold to knowledgeable and discriminating persons. Appellant also points out that there is no evidence of actual confusion. On these points we agree with appellee that even knowledgeable persons might be confused by the marks here involved, and that in case of doubt the doubt should be resolved in favor of appellee, the prior user by some seventeen years.

The decision of the board is affirmed.

Affirmed.

BALDWIN, J., dissents.